FILED
COURT OF APPEALS
DIVISION II

2013 JUN 25 AM 9: 43

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43526-8-II |
| Respondent, | |
| v. | |
| KYLE DERIN BARROW, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J. — Kyle Derin Barrow appeals his jury trial conviction for first degree robbery. He argues that the trial court erred in failing to give a lesser included instruction on third degree theft and that the State failed to present sufficient evidence to support the conviction. We affirm.

## FACTS

On November 7, 2011, Kyle Derin Barrow entered a Walgreens store, placed an MP3 player on a checkout counter, and asked for two cartons of cigarettes. The clerk bagged the MP3 player, worth $60, and the cigarettes, worth $160,[1] and asked Barrow for identification for the credit card he presented. Instead of presenting his identification, Barrow grabbed the bag and ran from the store. Running from the store, Barrow brushed past a customer who was leaving and knocked the partially-open sliding door off its hinges. Store employees followed Barrow out of the store and saw Barrow get into a waiting vehicle, which drove away.

---

[1] Each carton was worth $80.

No. 43526-8-II

Off-duty Washington State Trooper Kyle Burgess saw a truck leave the Walgreens parking lot at a high rate of speed with the employees chasing after it. Because he was in civilian clothes, Burgess called 911 from his cell phone and pursued the truck, driving his personal vehicle. The truck drove recklessly. A man leaned out of the front passenger side window and "very deliberately used a two-hand handgun hold and pointed what [Burgess] believed was a handgun at [Burgess]." 2 Verbatim Transcript of Proceedings (VTP) at 58. Burgess continued to follow the truck but at a greater distance.

The truck stopped. Burgess stayed at the scene until Tacoma police arrived. Burgess identified Barrow as the man who had pointed the gun-like object at him from the fleeing truck.

The State charged Barrow with first degree robbery. The Walgreens' employees and Burgess testified as described above. Diana Young, the truck's driver and Barrow's girlfriend, testified that Barrow had grabbed his "shoe" and, acting like the shoe was a gun, pointed it out the truck's window at what they thought was an unmarked police car. 2 VTP at 69. Barrow presented no testimony contradicting Burgess's and Young's characterization of his having displayed the shoe in a gun-like fashion as he fled the scene with Burgess in pursuit. The trial court denied Barrow's request for a lesser included instruction on third degree theft ruling that the "evidence presented does not allow the jury to reach any conclusion that Mr. Barrow could have gotten the money [sic] without having utilized some type of force" and enumerating the various types of force that Barrow had used. 2 VTP at 110. The jury found Barrow guilty as charged. He appeals.[2]

---

[2] A commissioner of this court initially considered Barrow's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

2

ANALYSIS

I. LESSER INCLUDED INSTRUCTION ON THEFT

Barrow first argues that the trial court erred in refusing to give a lesser included instruction on third degree theft. We disagree.

Under the *Workman* test, a defendant is entitled to a lesser included instruction if (1) each of the elements of the lesser crime is an element of the greater crime (the "legal prong") and (2) the evidence supports an inference that the defendant committed the lesser crime (the "factual prong"). *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). To meet the factual prong of the *Workman* test, the defendant must show that "substantial evidence in the record supports a rational inference that the defendant committed only the lesser included . . . offense to the exclusion of the greater offense." *State v. Fernandez-Medina*, 141 Wn.2d 448, 461, 6 P.3d 1150 (2000).

Barrow and the State agree that he met the legal prong of the *Workman* test. Barrow contends that (1) the evidence supports a rational inference that he committed only theft because he did not use force to obtain or retain the property; (2) he did not use force because he did not collide with the customer while leaving the store and he did not intentionally knock the sliding door off its tracks; (3) because Burgess was not a victim of the robbery, the display of the apparent gun was irrelevant; and (4) therefore, a rational jury could find that he committed theft but not robbery. This argument fails.

"'[W]hether force was used to obtain property, force used to retain the stolen property or to effect an escape can satisfy the force element of robbery.'" *State v. Truong*, 168 Wn. App. 529, 536, 277 P.3d 74, *review denied*, 175 Wn.2d 1020 (2012) (quoting *State v. Robinson*, 73 Wn. App. 851, 856, 872 P.2d 43 (1994)). Barrow's collision with the sliding door and his

pointing of what appeared to be a gun at a pursuing Burgess were each a force used to effect an escape after taking the items from Walgreens; thus, the evidence does not support a rational inference that Barrow committed only theft but not robbery. We hold that the trial court did not err in declining to give a lesser included instruction on third degree theft.

## II. SUFFICIENCY OF EVIDENCE

Barrow next argues that the State failed to present sufficient evidence that he committed first degree robbery. This argument also fails.

Barrow contends that Burgess was not a victim of the robbery because he (1) had no possessory interest in the property taken from Walgreens, citing *State v. Tvedt*, 153 Wn.2d 705, 711, 107 P.3d 728 (2005); and (2) was merely a good samaritan, citing *Sykes v. Superior Court*, 30 Cal. App. 4th 479, 485, 35 Cal. Rptr. 2d 571 (1994); *People v. Galoia*, 31 Cal. App. 4th 595, 597, 37 Cal. Rptr. 2d 117 (1994). *See* Br. of Appellant at 12-13. This argument does not comport with the record.

First, the amended information named both the Walgreens' clerk "and/or" Burgess as victims of the robbery. Clerk's Papers at 63. Under RCW 9A.56.190, a defendant commits robbery through the use or threatened use of force "to [the victim] or his or her property or the person or property of anyone." *Tvedt* is inapposite because it addresses the unit of prosecution for robbery, not whether the threatened use of force against a pursuing bystander constitutes a robbery. As discussed above, the evidence supports a rational inference that Barrow committed first degree robbery against the Walgreens' clerk by using force against Walgreens, by threatening the use of force against the pursuing Burgess to effect an escape, and by displaying to Burgess what appeared to be a firearm during the escape. We hold that the State presented sufficient evidence to support Barrow's conviction for first degree robbery.

No. 43526-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Johanson, A.C.J.

Penoyar, J.

5